UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JUSTIN RAY MILLER, | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| v. | ) | NO. 3:24-cv-00657 |
|   | ) |   |
| BRIAN LAYHEW, et al., | ) |   |
|   | ) |   |
| Defendants. | ) |   |

## MEMORANDUM OPINION AND ORDER

Justin Ray Miller, a pretrial detainee confined at the Rutherford County Jail, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2).

This case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the

Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

The Complaint alleges violations of Plaintiff's rights under the First and Eighth Amendments to the U.S. Constitution, as well as violations of the state constitution, by Sgt. Brian Layhew, Cpl. Rebecca Jorgenson, and Officer Carly O'Donnell—all of whom are sued in their

official capacity only.[2] (Doc. No. 1 at 2–3, 6–7). Plaintiff alleges that, on five occasions over three days, these officials intentionally stopped or blocked an email Plaintiff had attempted to send between eight and thirteen hours earlier. (Id. at 6–7). One of these emails had been directed to Plaintiff's friend, while the remaining four had been directed to either "Fox News" or "News Channel 5." (Id.). All of the emails concerned alleged misconduct by Rutherford County Jail officers. (Id.). The Complaint only provides specifics about two emails, those allegedly blocked by Defendant Layhew, the contents of which "concern[ed] officers at the Rutherford County Jail refusing to let [Plaintiff] file a PREA on Sgt. Franzel." (Id. at 6). The three remaining emails are generally alleged to have "concern[ed] officer misconduct and the staff at Rutherford County Jail breaking law/violating [Plaintiff's] rights." (Id. at 7). As relief, Plaintiff seeks to have Defendants Layhew, Jorgenson, and O'Donnell "lose the[ir] jobs" and asks the Court to award him damages for the pain and suffering caused by having his emails blocked. (Id. at 8).

**C. Analysis**

The U.S. Court of Appeals for the Sixth Circuit has determined (albeit in an unpublished decision) that a prison's censorship of an inmate's outgoing emails, or delay in releasing them for delivery, could support a plausible claim for injunctive and declaratory relief under the Free Speech Clause of the First Amendment. Bethel v. Shoop, No. 23-3308, 2024 WL 2828514, at *2–3 (6th Cir. May 30, 2024) (quoting Benning v. Comm'r, Ga. Dep't of Corr., 71 F.4th 1324, 1330 (11th Cir. 2023)). Such a claim requires the defendant prison official(s) to justify the censorship or delay by showing that the regulation or practice that directs the handling of outgoing inmate correspondence "'further[s] an important or substantial governmental interest unrelated to the

---

[2] For each Defendant, the Complaint affirmatively indicates "Yes" to the question of whether the Defendant is named in his or her official capacity, and "No" to the question of whether the Defendant is named in his or her individual capacity.

4

suppression of expression,'" without allowing interference "'greater than is necessary or essential to the protection of [that interest].'" Id. at *2 (quoting Procunier v. Martinez, 416 U.S. 396, 416 (1974)). However, with regard to the individual-capacity claim before it, the Bethel court determined that a prison mailroom supervisor was qualifiedly immune from monetary liability for censoring or delaying emails, because "even if prisoners have a First Amendment right to prompt forwarding and delivery of their outgoing emails, that right is not clearly established." Id. at *3.

Here, although Plaintiff's requests for Defendants' firing and for damages might otherwise indicate that he is seeking to impose personal liability upon them, he explicitly states that they are sued in their official capacity and not their individual capacity. An official-capacity suit against a county employee is "analogous to a suit against the local entity," Pineda v. Hamilton Cnty., Ohio, 977 F.3d 483, 494 (6th Cir. 2020), and therefore requires the establishment of "a direct causal link between an official policy or custom [of the local entity] and the alleged violation of Plaintiff's constitutional rights." Collier v. Edgel, No. 3:21-CV-00220, 2021 WL 1564768, at *4 (M.D. Tenn. Apr. 21, 2021) (quoting, e.g., Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir. 2013)). Plaintiff's official-capacity claims are not accompanied by any allegation that his emails were suppressed pursuant to an official policy or custom of Rutherford County, or related entities such as the Rutherford County Sheriff's Office or the Rutherford County Jail. Nor does he specify whether the five emails at issue—all of which were sent during either the 1:00 or 4:00 hours of the morning, and blocked during that same day's subsequent business hours (see Doc. No. 1 at 6–7)—were permanently blocked or temporarily blocked while their contents were reviewed, and if temporarily, for how long delivery was delayed. Because of these deficiencies, the Complaint is subject to dismissal for failure to state a claim on which relief may be granted.

5

Nevertheless, the Court in its discretion may allow Plaintiff to file an amended complaint in order to provide additional factual support for his claims, or to clarify the claims he is attempting to assert. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"). The Court will exercise that discretion in this case.

### III. CONCLUSION

In sum, although the Complaint as currently constituted does not assert a viable claim, the Court will allow Plaintiff an opportunity to amend in order to provide additional factual allegations in support of his First Amendment claim, and clarity with regard to the capacity (or capacities) in which Defendants are sued.

Plaintiff **MUST** file an Amended Complaint that complies with the instructions in this Order within **30 DAYS** of the entry of the Order. The Clerk is **DIRECTED** to provide Plaintiff with a form for filing a civil rights complaint (Pro Se Form 14). Plaintiff is cautioned that failure to file an Amended Complaint within 30 days (or to seek an extension of this deadline before it expires), or failure to keep the Court apprised of his current address, may result in the dismissal of this case for failure to prosecute and failure to comply with the court's order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE